```
                                                                CLERK'S OFFICE U.S. DIST. COURT
                                                                      AT DANVILLE, VA
                                                                          FILED
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF VIRGINIA                   JUN 12 2006
                         ROANOKE DIVISION
                                                                  JOHN F. CORCORAN, CLERK
                                                                  BY: H McDonald
                                                                       DEPUTY CLERK
MAURICE TYLER,                          )
        Petitioner,                     )   Civil Action No. 7:06CV00339
                                        )
v.                                      )   MEMORANDUM OPINION
                                        )
TERRY O'BRIEN, WARDEN,                  )   By: Hon. Jackson L. Kiser
        Respondent.                     )   Senior United States District Judge
```

The petitioner, Maurice Tyler, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Tyler alleges that prison officials have violated his due process rights by holding him in administrative detention without providing a hearing or proper notice. Tyler also alleges that his conditions of confinement are unsanitary. Based on the nature of Tyler's allegations, this action is more appropriately construed as one under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons that follow, I find that Tyler has failed to state a claim upon which relief may be granted. Accordingly, I will dismiss the action pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## Background

Tyler is presently incarcerated at United States Penitentiary - Lee in Jonesville, Virginia. He executed the instant petition on May 14, 2006. Tyler alleges that he has been housed in

---

[1] Tyler does not allege that his placement in administrative detention will in any way affect the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (holding that challenges to the validity or duration of confinement are properly raised in a habeas petition); Muhammad v. Close, 540 U.S. 749, 754-755 (2004) (holding that the plaintiff's allegations regarding an improper disciplinary conviction failed to raise a cognizable claim for habeas relief, where the disciplinary conviction did not actually affect the duration of the plaintiff's sentence). While the United States Supreme Court has suggested that habeas relief may be available to challenge conditions of confinement when the conditions are so onerous as to render an inmate's custody illegal, Preiser, 411 U.S. at 499, such conditions are not alleged in this case. Thus, even if Tyler's claims were analyzed under § 2241, they would still be subject to dismissal.

[2] Section 1915A(b)(1) provides that the court shall dismiss a civil action filed by an inmate as soon as practicable if the complaint fails to state a claim upon which relief may be granted.

administrative detention since May 1, 2006, and that prison officials have failed to comply with 28 C.F.R. § 541.22, the federal regulation pertaining to administrative detention. Specifically, Tyler alleges that he has not received a hearing or a copy of an administrative detention order.[3] As a result, Tyler contends that prison officials have violated his due process rights.

Tyler also indicates that his living conditions are unsanitary. Tyler alleges that he is not permitted to flush the toilet himself. Instead, he has to wait for an officer to flush it. Tyler seeks to be immediately discharged from administrative detention.

## Discussion

1. <u>Due Process Claim</u>

In order to prevail on a due process claim, "inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). A prison disciplinary action implicates a liberty interest requiring due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484

---

[3]Section 541.22(b) states as follows:

The Warden shall prepare an administrative detention order detailing the reasons for placing an inmate in administrative detention, with a copy given to the inmate, provided institutional security is not compromised thereby. Staff shall deliver this order to the inmate within 24 hours of the inmate's placement in administrative detention, unless this delivery is precluded by exceptional circumstances. An order is not necessary for an inmate placed in administrative detention when this placement is a direct result of the inmate's holdover status.

Section 541.22(c) states, in pertinent, part as follows:

The [Segregation Review Official] shall conduct a record review within three work days of the inmate's placement in administrative detention and shall hold a hearing and formally review the status of each inmate who spends seven continuous days in administrative detention, and thereafter shall review these cases on the record (in the inmate's absence) each week, and shall hold a hearing and review these cases formally at least every 30 days.

(1995).[4]  The determination of whether such an atypical and significant hardship exists is a question of law. Beverati, 120 F.3d at 503.

Having reviewed Tyler's allegations, I conclude that he has failed to allege sufficient facts to establish that his confinement in administrative detention poses an atypical and significant hardship in relation to ordinary prison life. See Id. at 504 (holding that the inmates' conditions of confinement in segregation "were not so atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life," where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). As a result, Tyler does not possess a liberty interest in avoiding confinement in administrative detention, and therefore, he has not stated a due process claim.

---

[4]Tyler appears to argue that a liberty interest arises from the "mandatory" language of 28 C.F.R. § 541.22. However, this argument is without merit. "Prior to the decision of the Supreme Court in Sandin, the analysis of whether a prisoner was deprived of a liberty interest focused not on the nature of the deprivation experienced by the prisoner, but on the language of the applicable prison regulations and whether such language was 'mandatory.'" Bevarati, 120 F.3d 500 at 503, n. 3. In Sandin, the Supreme Court criticized this methodology, because it created a disincentive for states to promulgate procedures for prison management, and it caused federal courts to become overly involved in the day-to-day management of prisons. Sandin, 515 U.S. at 482-483. These concerns led the Supreme Court to reject the mandatory language method previously adopted in Hewitt v. Helms, 459 U.S. 460 (1983), and instead focus on the nature of the deprivation experienced by the prisoner. See Sandin, 515 U.S. at 483-484; Bevarati, 120 F.3d 500 at 503, n.3. As the Supreme Court recently noted, it is now "clear," after Sandin, "that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to ordinary incidents of prison life.'" Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384, 2394 (2005) (quoting Sandin, 515 U.S. at 484).

The court notes that although Sandin addressed the constitutional rights of state inmates, the Supreme Court's analysis of liberty interests has been applied to due process claims filed by federal inmates as well. See Ajaj v. Smith, 108 Fed. Appx. 743, 744 (4th Cir. 2001) (unpublished); Farmer v. Hambrick, 1998 U.S. App. LEXIS 14971 (4th Cir. 1998) (unpublished); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Crowder v. True, 74 F.3d 812, 814-15 (7th Cir. 1995).

2.  <u>Living Conditions Claim</u>

To the extent Tyler's allegations can be construed to assert a living conditions claim, such claim is also without merit. While the Eighth Amendment protects inmates from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. <u>Id.</u> at 1379.

Applying these principles to Tyler's allegations, I conclude that he has failed to state a claim under the Eighth Amendment. Tyler does not allege that he has suffered any deleterious effects from not being able to flush his own toilet. Morever, while the prison's flushing policy may be inconvenient, and at times, result in uncomfortable conditions, there is no indication that the policy poses an unreasonable risk of serious harm to Tyler.

For the reasons stated, this action must be dismissed for failure to state a claim upon which relief may be granted. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 12th day of June, 2006.

Senior United States District Judge